THE STATE, EX REL. OSCO INDUSTRIES, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as State, ex rel. Osco Industries, *v.* Indus. Comm. (1989), 43 Ohio St. 3d 167.]

(No. 88-946—Submitted April 11, 1989—Decided June 14, 1989.)

"* * *

*Taft, Stettinius & Hollister* and *Robert S. Corker,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Gerald H. Waterman,* for appellant.

*Per Curiam.* As a prerequisite to the issuance of a writ of mandamus, a court must find that: (1) the relator has a clear legal right to the relief requested; (2) the respondent is under a clear legal duty to perform the act sought; and (3) the relator has no plain and adequate remedy at law. *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus. An Industrial Commission order is subject to correction in mandamus only upon a showing of an abuse of discretion. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O. 2d 190, 139 N.E. 2d 41. An abuse of discretion occurs when the commission issues an order unsupported by "some evidence." *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 20, 31 OBR 70, 72, 508 N.E. 2d 936, 938.

The commission's award of temporary total disability compensation was "based on the medical reports of Dr. Gindin, Dr. Robert Turner, and Dr. Ronald Turner * * * [and] [r]eports in the 788842-22 file * * *." The commission agrees with the appellate court's conclusion that the Turner and Gindin reports are not "some evidence" supporting the commission's order. The commission contends, however, that the reference to unspecified reports in claim No. 788842-22 is "some evidence." This contention is not persuasive.

*State, ex rel. Mitchell,* v. *Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 483-484, 6 OBR 531, 534, 453 N.E. 2d 721, 724, directed that commission orders "specifically state which evidence and only that evidence which has been relied upon [by the commission] to reach [its] conclusion." Under *Mitchell,* vague or ambiguous explanations are no longer acceptable. *Mitchell* indicated that this court would not search the record for "some evidence" supporting the commission's decision and stated that unclear commission decisions should be remanded for clarification.

We recently reiterated the *Mitchell*

ruling in *State, ex rel. Frigidaire Div., General Motors Corp.*, v. *Indus. Comm.* (1988), 36 Ohio St. 3d 105, 518 N.E. 2d 1194, paragraph two of the syllabus, stating: "An order of the Industrial Commission which is not sufficiently specific for the Supreme Court to review without searching the record will be remanded to the commission for clarification."

We thus modify the appellate court's judgment and issue a limited writ remanding the cause to the commission to specify those reports in claim No. 788842-22 on which it relied in reaching its conclusion.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.