[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 73.]

THE STATE EX REL. BUTTOLPH, APPELLEE, *v.* GENERAL MOTORS CORPORATION, TEREX DIVISION; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Buttolph v. Gen. Motors Corp., Terex Div.*, 1997-Ohio-34.]

*Workers' compensation—Denial of temporary total disability compensation— Order of Industrial Commission remanded for clarification when its ambiguity hampers court's ability to conduct a meaningful review.*

(No. 95-33—Submitted March 18, 1997—Decided June 18, 1997.)

APPEAL from the Court of Appeals of Franklin County, No. 93APD10-1498.

————————————

{¶ 1} Claimant-appellee, Walter Buttolph, worked as an arc welder at General Motors Corporation, Terex Division ("the employer"), for thirty years before he stopped working on May 7, 1980. On September 9, 1983, claimant was diagnosed as suffering from "siderosis" and, on November 30, 1983, filed a workers' compensation claim with appellant, Industrial Commission of Ohio. The claim was denied administratively and, upon appeal to common pleas court, a jury verdict was rendered in claimant's favor. No further appeal was taken, and the cause was remanded to the commission for further adjudication.

{¶ 2} On February 24, 1990, a district hearing officer ("DHO") ordered that the claim be allowed for siderosis and that temporary total disability ("TTD") compensation be awarded to claimant from November 30, 1981 through January 24, 1990, and continuing upon further medical proof. The order stated that "[c]ompensation [was] awarded based on the medical reports of Drs. Tomashefski, Krause, Martin." This order was affirmed by the Cleveland Regional Board of Review "in all respects," and further appeal was refused by the commission.

**{¶ 3}** The employer brought an original action in mandamus in the court of appeals essentially challenging the February 24, 1990 DHO order. The court of appeals granted a limited writ ordering the commission to vacate its award of TTD compensation and to issue a new order in compliance with *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. The court of appeals noted that the reports of Drs. Tomashefski, Krause and Martin were in conflict. Dr. Tomashefski opined that claimant's siderosis caused claimant's inability to work. Dr. Krause opined that claimant did not have siderosis. Dr. Martin opined that claimant had no medical impairment from his siderosis. The court held that "the commission violates *Mitchell* when it cites conflicting medical reports without any further explanation for its actions."

**{¶ 4}** On June 24, 1993, a hearing was held before two staff hearing officers who issued an order denying TTD compensation. That order, which is the subject of the present action, stated:

"Temporary Total Disability compensation is denied from May 7, 1980 through November 29, 1981; for the reason that said period can not be considered pursuant to the provisions of Revised Code Section 4123.52, because the period is more than 2 years before the Application was filed on November 30, 1983.

"Temporary Total Disability compensation is denied after November 29, 1981; for the reason that *there is a lack of evidence in the record of an impairment from the allowed condition which is sufficient to preclude the claimant from performing the duties of his former position of employment, as so evidenced by the reports of Dr. Martin dated January 4, 1990 and December 7, 1990.*

"The finding and order is based on the evidence in the file and/or evidence adduced at the hearing." (Emphasis added.)

**{¶ 5}** On October 29, 1993, claimant filed a complaint in mandamus with the court of appeals, alleging that the commission abused its discretion in failing to comply with the requirements of *Mitchell.* In particular, claimant contended that

2

the commission abused its discretion (1) "[i]n finding that there was 'lack of evidence in the record of impairment from the allowed condition which is sufficient to preclude the claimant from performing the duties of his former position of employment * * *,' when in fact there was specific evidence in the record supporting Relator's claimed disability"; and (2) in that "[t]here was no clarification of why one medical opinion was chosen and the others rejected."

{¶ 6} The matter was assigned to a referee, who recommended that claimant's request for a writ be denied. The referee found that "the commission has no duty to explain why other evidence was rejected." The referee also reasoned that "[a]lthough the commission's order is less than artful in its statement that 'there is a lack of evidence in the record of an impairment from the allowed condition,' it is clear from the order that the benefits are being denied on the basis that siderosis does not prevent relator from performing the duties of his former position of employment, as stated in Dr. Martin's report. It is therefore 'readily apparent' from the order why the benefits are being denied."

{¶ 7} The court of appeals, however, did not view the commission's order as merely "less than artful." Instead, the court viewed the "lack of evidence in the record" statement as "incorrect from a factual standpoint and [found that] due to the inaccuracy of this reference to an important part of the evidentiary record, the general conclusions inherent in the commission's decision are defective as they relate to the mandates of the *Noll* case." Accordingly, the court of appeals sustained claimant's objections to the referee's report and issued a writ ordering the commission to vacate its decision denying TTD compensation to claimant, "and to issue a decision that is fact-specific, setting forth the evidence relied upon and explaining the reasoning for the decision."

{¶ 8} This cause is before the court upon an appeal as of right.

---

*Ticktin, Baron, Koepper & Co., L.P.A.*, and *Harold Ticktin*, Cleveland, for appellee.

*Betty D. Montgomery*, Attorney General, and *Diane M. Meftah*, Assistant Attorney General, for appellants.

———————————

**Per Curiam.**

{¶ 9} The primary issue presented by this appeal is whether the commission adequately explained its reasoning for denying TTD compensation to claimant in its June 24, 1993 order as required by *Mitchell* and *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

{¶ 10} *Mitchell* and *Noll* require that in any order granting or denying benefits, the commission specifically state what evidence it has relied on, and briefly explain the reasoning or basis for its decision. The purpose for requiring such evidentiary identification and explanation is so that "meaningful review can be accomplished." *Noll,* 57 Ohio St.3d at 206, 567 N.E.2d at 249.

{¶ 11} However, we find that the order is ambiguous and should be returned for clarification because it prevents this court from conducting a meaningful review. See, *e.g., State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St.3d 19, 20, 550 N.E.2d 174, 176; *State ex rel. Osco Industries v. Indus. Comm.* (1989), 43 Ohio St.3d 167, 168, 539 N.E.2d 1128, 1130; *State ex rel. Ingold v. Ormet Corp.* (1988), 39 Ohio St.3d 353, 530 N.E.2d 920; *State ex rel. Frigidaire Div., Gen. Motors Corp. v. Indus. Comm.* (1988), 35 Ohio St.3d 105, 518 N.E.2d 1194, paragraph two of the syllabus.

{¶ 12} The critical portion of the June 24, 1993 order explains that TTD compensation was denied "for the reason that there is a lack of evidence in the record of an impairment from the allowed condition which is sufficient to preclude the claimant from performing the duties of his former position of employment, as so evidenced by the reports of Dr. Martin * * *."

{¶ 13} This language is reasonably susceptible of two interpretations: (1) "there is a lack of evidence in the record" to support the contrary conclusion that claimant's siderosis prevents him from returning to work; or (2) "as so evidenced by the reports of Dr. Martin," claimant's medical history discloses no physical or physiologic impairment resulting from his siderosis that would preclude his return to work.

{¶ 14} Indeed, the parties' arguments are respectively tied to these interpretations. From the claimant's perspective, the order should be read according to the first interpretation set forth above. Read this way, the order constitutes an abuse of discretion because the record contains a supplemental report by Dr. Joseph F. Tomashefski, Jr., dated October 25, 1989, which specifically opines, "within reasonable medical certainty, that Mr. Buttolph's siderosis was the most important cause of his pulmonary dysfunction and inability to return to work."

{¶ 15} From appellants' perspective, the order should be read according to the second interpretation set forth above. Under this interpretation, the issue becomes whether the commission is required to explain its reasons for choosing one medical opinion over another, or for rejecting the other opinion. However, in order to address this issue, it must first be determined whether the commission did in fact choose one opinion over another, or whether it has simply failed to recognize that the record contained a contrary opinion.

{¶ 16} It is obvious that neither issue can be addressed-indeed, we cannot even know which issue is presented-until we know what the order says. Thus, there can be no meaningful review until the ambiguity is clarified by the commission.[1]

---

1. In fact, the commission's explanation of its own order is ambiguous. The commission, in its brief, explains that:

"The Commission's order clearly indicates specific reliance on the reports of Dr. Martin who opined that Appellee:

" 'has no apparent physical or physiologic impairment from the pathologically diagnosed condition of pulmonary siderosis. He does have a moderate degree of airway obstruction which is

**{¶ 17}** The referee purported to resolve the ambiguity by striking part of the order as "less than artful." However, all ambiguous statements are "less than artful"; otherwise, they would not be ambiguous. We cannot simply rewrite the statement to achieve the interpretation we desire by striking the offending language as "less than artful."

**{¶ 18}** Claimant also contends that the cause should be returned for further consideration because the commission's June 24 order fails to list all medical evidence proffered for consideration. According to claimant, *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057, requires that "all of the medical evidence in the record * * * be considered and noted in the Commission's decision."

**{¶ 19}** Although the commission is required to consider all evidence properly before it, it is not required to list each piece of evidence that it considered in its order. Under *Mitchell,* 6 Ohio St.3d at 483-484, 6 OBR at 534, 453 N.E.2d at 724, the commission is required to enumerate in its order "*only* that evidence which has been *relied upon* to reach their conclusion * * *." (Emphasis added.) See, also, *Noll,* 57 Ohio St.3d at 204, 567 N.E.2d at 247. There is no requirement that the commission list all evidence *considered.* See *DeMint,* 49 Ohio St.3d at 20, 550 N.E.2d at 176.

---

not from siderosis.' " Here the commission's explanation of its June 24 order comports with the second interpretation set forth *supra.*

However, the commission immediately goes on to finish its explanation, as follows:

"It is clear that the Commission, in utilizing the 'former position of employment' test found in [*State ex rel.*] *Ramirez* [*v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586], sought medical evidence in the record of an impairment from the allowed condition (siderosis) which prohibits a return to the former position of employment. They found a 'lack of evidence' in this regard, stated as much in the order and accordingly denied benefits because siderosis does not prevent the Appellee from performing the duties of his former position of employment."

Here, the commission very clearly explains its June 24 order as meaning that no evidence existed in the record to support a conclusion that claimant's siderosis was work-preclusive, *i.e.,* the first interpretation set forth *supra.* This explanation undermines its entire position on appeal.

Accordingly, in attempting to explain that its June 24 order is not ambiguous, the commission's conclusions remain unclear. This serves to highlight the need for clarification.

**{¶ 20}** Nor does *Fultz* impose such a requirement. *Fultz* holds, in effect, merely that if the commission unnecessarily endeavors to enumerate the evidence *considered,* it must appear from its order that *all* evidence was given consideration. Thus, if the commission lists only the evidence *relied upon,* without any attempt to enumerate the evidence *considered, Fultz* does not apply. See *State ex rel. Lovell v. Indus. Comm.* (1996), 74 Ohio St.3d 250, 252-253, 658 N.E.2d 284, 287.

**{¶ 21}** In the case *sub judice,* the commission's June 24, 1993 order listed only the evidence relied upon. No effort was made to list the evidence considered. Thus, *Fultz* is inapplicable, and claimant's argument must fail.

**{¶ 22}** Last, the commission argues that the court of appeals erred in applying *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, to a TTD case. We agree. This court has specifically explained that "non-medical factors such as age, education, and work experience, * * * have no place in a determination of TTD." *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 212, 631 N.E.2d 138, 146.

**{¶ 23}** However, a simple reading of the court of appeals' decision reveals that no critical issue was decided entirely on the basis of *Stephenson.* Thus, the error is entirely harmless, as it has no determinative effect on the outcome or the reasons underlying the appellate court's decision.

**{¶ 24}** In light of the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK, and LUNDBERG STRATTON, JJ., concur.

---