*388 Cook, J.,
dissenting. I respectfully dissent from the majority’s holding to the extent that it denies a'writ of mandamus granting further commission review in this case.
In complying with the court of appeals’ order to determine the effect of the policy to deny authorization for Steffee plating surgery, the commission found that the policy was in effect when it approved Sheets’s surgery, but also that the policy could be overcome on a case-by-case basis with sufficient medical evidence. The commission then seemed to find such evidence in the expert peer review opinion it mistakenly ascribed to Sheets’s claim. This is why the court of appeals’ magistrate found the commission’s mistake so significant. Apparently, the magistrate was concerned that the commission had relied on the peer review evidence as necessary to overcome the general rule against authorizing Steffee plating procedures.
I agree with the magistrate’s assessment of the commission’s order. The order suggests that the commission authorized Sheets’s surgery based on an erroneous conclusion that the surgery was supported by expert opinion in addition to that of Dr. Krell. Thus, at best, the majority’s denial of any relief ignores our tradition of returning ambiguous or confusing orders to the commission for clarification. State ex rel. Buttolph v. Gen. Motors Corp., Terex Div. (1997), 79 Ohio St.3d 73, 75, 679 N.E.2d 702, 704. And at worst, the majority opinion runs afoul of the fundamental principle that the commission’s orders must be based on some evidence with adequate explanation. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.
Accordingly, I would grant a writ of mandamus for the limited purpose of ordering the commission to review the effect of considering the wrong peer review on its decision to authorize Sheets’s surgery.
Moyer, C.J., concurs in the foregoing dissenting opinion.