DECISION
Relator, Joyce Campell, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying her temporary total disability compensation from June 21, 2000 through June 26, 2001, and to enter an order granting said compensation.
Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (See attached Appendix A.) In the decision, the magistrate concluded: (1) the staff hearing officer's stated basis for denying temporary total disability, the report of Dr. Cunningham, does not support the staff hearing officer's finding that relator was not temporarily totally disabled for the period of compensation requested, and (2) the district hearing officer's order violates State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203 . Accordingly, the magistrate determined this court should issue a writ ordering the Industrial Commission to vacate its staff hearing officer's order of August 27, 2001.
Respondent Frigidaire Company has filed an objection to the magistrate's conclusions of law. In its objection, Frigidaire largely reargues those matters adequately addressed in the magistrate's decision. For the reasons set forth in the magistrate's decision, the objection is overruled.
More particularly, Frigidaire initially submits that the staff hearing officer's order of August 27, 2001, contains a sufficient basis for the denial of temporary total disability compensation. As support, Frigidaire notes the staff hearing officer's order affirmed the district hearing officer's order, in effect accepting the findings of the district hearing officer. As the magistrate noted, however, the district hearing officer's order is deficient in that it fails to comply with Noll.
Moreover, while Frigidaire continues to rely on the report of Dr. Cunningham, the magistrate's decision explains that Dr. Cunningham's report does not apply the appropriate test in determining temporary total disability.
Finally, to the extent Frigidaire suggests reasons which would support the district hearing officer's order, it ignores the district hearing officer's obligation to specify the reasons for its decision so that those reasons may be judicially reviewed.
Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its staff hearing officer's order of August 27, 2001, and in a manner consistent with the magistrate's decision, adopted here, to enter a new order either granting or denying relator's April 10, 2001 motion for temporary total disability compensation.
Objection overruled; writ granted.
BOWMAN and KLATT, JJ., concur.
 IN MANDAMUS
In this original action, relator, Joyce Campbell, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her temporary total disability ("TTD") compensation from June 21, 2000 through June 26, 2001, and to enter an order granting said compensation.
Findings of Fact:
1. On April 11, 1989, relator sustained an industrial injury while employed as a "binder operator" in a print shop operated by respondent Frigidaire Company, Range Division ("Frigidaire"), a self-insured employer under Ohio's workers' compensation laws. The industrial claim is allowed for: "Low Back Strain; Compression L5 Nerve Root; Radicular Neuralgia; Lumbar Disc Syndrome," and is assigned claim number L8023-22.
2. On April 10, 2001, relator moved for payment of TTD compensation beginning June 21, 2000, "due to an exacerbation suffered in June of 2000." In the motion, relator also requested authorization for epidural injections and a consultation with a pain specialist.
3. In support of the April 10, 2001 motion, relator submitted a C-84 report from treating physician James E. Lundeen, Sr., M.D., who certified temporary total disability from June 21, 2000, to an estimated return-to-work date of June 26, 2001. Relator also submitted a C-9 report from Dr. Lundeen requesting authorization of a consultation with a pain specialist. Relator also submitted a written report from Dr. Lundeen, dated February 26, 2001, that presents Dr. Lundeen's type-written office notes regarding three office visits occurring June 21, 2000, September 19, 2000 and December 19, 2000.
Dr. Lundeen's February 26, 2001 report concludes as follows:
 Ms. Campbell suffered and [sic] exacerbation of lower back pain in June 2000, prior to her appointment June 21[,] 2000. As a result of this exacerbation she had severe lower back pain that necessitated treatment. The symptoms and problems she is now experiencing all related back to the original injury in this claim.
4. On May 16, 2001, at Frigidaire's request, relator was examined by John W. Cunningham, M.D. Dr. Cunningham's May 16, 2001 report states:
 This 42-year-old individual states that on the date of injury she was employed as a collator operator in a print shop operated by the above employer. * * *
 On the date of injury (04/11/89), while lifting an approximately 70 pound box of books to shoulder level or above while twisting her torso, she states that she experienced immediate low back pain. * * *
* * *
 * * * [I]n my medical opinion, this individual will have attained maximum medical improvement status and a level of permanency, and she will have reached a treatment plateau that is static or well-stabilized at which no fundamental, functional, or physiological change can be expected despite continuing medical or rehabilitative procedures at the completion and/or termination of her injection therapy. In my medical opinion, this individual should have at most a total of three epidural injections in reference to this claim if she has the appropriate symptomatic response to such therapies.
 Other than epidural injection therapy on one, two or three occasions, in my medical opinion, this individual requires no further diagnostic testing and/or invasive therapy including surgery and/or injections in reference to this claim. * * *
5. On June 8, 2001, Dr. Cunningham wrote a "supplemental" report stating:
 Concerning her ability to work, in my medical opinion, this individual is employable with restrictions while she completes her course of epidural injections over the approximate six weeks period required for such injection therapy. In my medical opinion, until this individual completes her epidural injections, she is employable in sedentary work and light manual work, as defined by the United States Department of Labor, i.e., no lifting, carrying, pushing, pulling, or otherwise moving objects of greater than 20 pounds in the course of her employment. In my medical opinion, this individual has also been employable with these restrictions since her symptoms flared approximately one year ago, in June 2000. Consequently, as this physician understands the concept of temporary and total impairment, this individual has not been temporarily and totally impaired since June 2000.
6. Following a July 12, 2001 hearing, a district hearing officer ("DHO") issued an order authorizing the epidural injections and a consultation with a pain specialist. The DHO's order further states:
 * * * The District Hearing Officer orders that temporary total disability compensation is specifically denied for the requested period from 6/21/2000 through 6/26/2001.
 The District Hearing Officer finds that the claimant failed to prove that she was rendered temporarily totally disabled due to the allowed conditions of this claim for the above noted period of time.
 The District Hearing Officer finds that no new and changed circumstances were established to justify restarting the claimant's temporary total disability compensation after her previous maximum medical improvement finding.
* * *
 This order is based upon the 5/16/2001 and 6/08/2001 medical reports of Dr. Cunningham.
7. Relator administratively appealed the DHO's order of July 12, 2001. Following an August 27, 2001 hearing, a staff hearing officer ("SHO") issued an order stating that the DHO's order "is affirmed." The SHO's order further states:
 Claimant's request for temporary total compensation from 6/21/2000 to 6/26/2001 is denied based upon the reports of Dr. Cunningham dated 5/16/2001 and 6/08/2001. Dr. Cunningham opined that claimant has not been temporarily and totally impaired since June of 2000. Based on these reports, the Staff Hearing Officer finds that payment of temporary total compensation is not appropriate for the aforementioned periods.
8. On September 19, 2001, another SHO mailed an order refusing relator's administrative appeal from the August 27, 2001 SHO's order.
9. On October 10, 2001, relator, Joyce Campbell, filed this mandamus action.
Conclusions of Law:
It is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
Analysis begins with scrutiny of the August 27, 2001 SHO's order which states initially that the DHO's order "is affirmed" and then presents a finding, based exclusively upon the reports of Dr. Cunningham, that relator was not temporarily totally disabled during the period for which compensation was requested.
The initial query is whether the SHO's stated basis for denial of temporary total disability is in addition to that contained in the DHO's order or whether the SHO's stated basis substitutes for that contained in the DHO's order.
In this action, respondent commission concedes that the SHO's order is ambiguous as to whether more than one stated bases for denial of TTD compensation is presented. The magistrate agrees with the commission that the SHO's order is ambiguous in that regard. An ambiguous commission order can be a basis for returning it to the commission with instructions to resolve the ambiguity. See State ex rel. Buttolph v. Gen. Motors Corp., Terex Div. (1997), 79 Ohio St.3d 73.
Here, regardless of how the SHO's order is viewed, the basis presented in the DHO's order and the basis presented in the SHO's order constitute abuses of discretion.
Turning first to the stated basis contained within the SHO's order itself, Dr. Cunningham's reports clearly do not support the SHO's finding that relator was not temporarily totally disabled for the period of compensation requested.
The SHO's order's stated basis is premised exclusively upon Dr. Cunningham's opinion, contained only in his June 8, 2001 supplemental report, that relator "has not been temporarily and totally impaired since June 2000." The paragraph of the report in which this quote is taken indicates that Dr. Cunningham's opinion is based upon an incorrect standard for temporary total disability.
It is well-settled law that temporary total disability is defined as a disability which prevents a worker from returning to his or her former position of employment. State ex rel. Ramirez v. Indus. Comm. (1982),69 Ohio St.2d 630, syllabus; State ex rel. Crim v. Ohio Bur. of Workers' Comp. (2001), 92 Ohio St.3d 481, 483.
Dr. Cunningham's June 8, 2001 report indicates that Dr. Cunningham found relator to not be "temporarily and totally impaired" because he found relator to be "employable in sedentary work and light manual work." Nowhere does Dr. Cunningham indicate that he believes that relator's former position of employment was confined to either sedentary work or light manual work. In fact, Dr. Cunningham's description of how the industrial injury occurred while lifting an approximately seventy pound box of books to shoulder level indicates that the former position of employment involved physical exertion greater than light work. Nowhere in his reports does Dr. Cunningham find that relator is able to return to her former position of employment. Dr. Cunningham's opinion that relator had "not been temporarily and totally impaired since June 2000" is clearly premised upon an incorrect standard for temporary total disability and, thus, that opinion cannot be some evidence upon which the commission can rely to deny TTD compensation.
Turning to the stated basis for denial of TTD compensation contained within the DHO's order, as previously noted, it is unclear whether the SHO intended to incorporate that basis into his order. Nevertheless, even if it can be argued that the DHO's stated basis was in effect adopted by the SHO, the DHO's stated basis for denial of TTD compensation constitutes an abuse of discretion.
The DHO's statement of the basis or bases for denial of TTD compensation is written ambiguously. It is not clear whether the DHO intended the separate paragraphs to set forth separate bases for denial of TTD compensation. In any event, the order fails to comply with the requirements of State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203, the syllabus of which states:
 In any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision.
The Supreme Court of Ohio has made it clear that a new and changed circumstance can justify a new TTD compensation award when TTD compensation has previously been terminated on maximum medical improvement ("MMI") grounds. State ex rel. Bing v. Indus. Comm. (1991),61 Ohio St.3d 424; State ex rel. Chrysler Corp. v. Indus. Comm. (1998),81 Ohio St.3d 158, 169; and State ex rel. Navistar Internatl. Transp. Corp. v. Indus. Comm. (1993), 66 Ohio St.3d 267, 270.
Here, the DHO found that no new and changed circumstances were established, but he failed to provide any reasoning for this finding that connects to the evidence of record. This is a clear violation of Noll, supra.[1]
Accordingly, for all the above reasons, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its SHO's order of August 27, 2001, and in a manner consistent with this magistrate's decision, enter a new order either granting or denying relator's April 10, 2001, motion for TTD compensation.
[1] In his brief, relator asserts that there was no previous commission finding of MMI. (Relator's brief at 9.) At oral argument, relator's counsel continued to make this assertion notwithstanding that several commission orders of record make reference to a prior MMI determination. This court need not resolve this dispute in this action. On remand, the commission can determine whether TTD compensation was ever terminated on MMI grounds.