IN MANDAMUS DECISION
Relator, Patrick J. Holmes, filed this original action in mandamus requesting this court to order respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying him permanent total disability compensation, and to enter an order granting said compensation.
This court referred the matter to a magistrate pursuant to Civ.R. 53(C), and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (See Appendix A.)
The magistrate determined that, even though the commission did not discuss all of the evidence they considered, it did identify the reports on which it relied and explained the basis for its decision. In light of the presumption that the commission considered all of the evidence before it, including the reports of Dr. Allen and Mr. Mosley, the magistrate concluded that relator failed to meet his burden in mandamus and the requested writ should be denied.
No objections have been filed to the magistrate's decision.
Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
BOWMAN and BROWN, JJ., concur.
 APPENDIX IN MANDAMUS
In this original action, relator, Patrick J. Holmes, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation, and to enter an order granting said compensation.
Findings of Fact:
1. Relator has sustained three industrial injuries. His June 29, 1971 injury is allowed for "low back sprain," and is assigned claim number 71-33991. His May 26, 1987 injury is allowed for "injured left hand and left shoulder," and is assigned claim number 87-15662. His January 2, 1993 injury is allowed for "right shoulder sprain with adhesive capsulitis; cervical disc herniation at C3-C4 and C4-C5," and is assigned claim number 93-39715.
2. On December 30, 1998, relator filed an application for PTD compensation. In support, relator submitted a report, dated October 31, 1998, from Mark L. Allen, M.D. Dr. Allen opined that "this patient is significantly impaired in mind and body as to be unfit to work at any substantially remunerative employment."
3. On September 8, 1999, relator was examined, at the commission's request, by David R. Johnson, M.D. Dr. Johnson examined relator for all three industrial claims. Dr. Johnson opined:
 * * * If Mr. Holmes were to return to work I would recommend that he be placed in a sedentary position, possibly a management position.
4. The commission requested an Employability Assessment Report from Michael A. Klein, Ph.D., a vocational expert. Dr. Klein issued an Employability Assessment Report dated October 21, 1999.
5. Relator requested leave from the commission hearing administrator to belatedly file a vocational report dated January 4, 2000, from Robert A. Mosley, a vocational expert. The hearing administrator granted relator leave to file the Mosley vocational report.
6. Following an October 5, 2000 hearing, a staff hearing officer ("SHO") issued an order denying relator's PTD application. The SHO's order states, in pertinent part:
 * * * All medical and vocational proof on file was reviewed and considered. This order is based particularly on the reports of Dr. David Johnson and Dr. Michael Klein.
* * *
 The Staff Hearing Officer also finds that there is nothing in the nonmedical disability factors which would prevent the claimant from performing the work of which Dr. Johnson and Dr. Klein find him to be physically capable. * * *
* * *
 In conclusion the Staff Hearing Officer finds that the claimant retains the physical capacity to perform certain types of unskilled sedentary work. There is nothing in the nonmedical disability factors which would prevent the claimant from performing this alternate work. As such the claimant is not permanently and totally disabled. The application is denied.
7. On January 25, 2001, relator, Patrick J. Holmes, filed this mandamus action.
Conclusions of Law:
The sole issue presented by relator is whether the commission abused its discretion by failing to address in its order the reports of Dr. Allen and Mr. Mosley.
Finding no abuse of discretion, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
The commission's order states that it is based particularly upon the reports of Drs. Johnson and Klein. Those reports are discussed in the order; however, there is no mention of the reports of Dr. Allen and Mr. Mosley. There is no explanation in the order as to why the commission rejected the reports from Dr. Allen and Mr. Mosley.
State ex rel. Mitchell v. Robbins Myers, Inc. (1983), 6 Ohio St.3d 481, and State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, require that, in any order granting or denying benefits, the commission specifically state what evidence is relied on, and briefly explain the reasoning or basis for its decision. State ex rel. Buttolph v. Gen. Motors Corp., Terex Div. (1997), 79 Ohio St.3d 73.
There is no requirement that the commission list or note all the evidence it considered. Buttolph, supra. Moreover, there is ordinarily no requirement that the commission explain why it found one report more persuasive than another. State ex rel. Bell v. Indus. Comm. (1995),72 Ohio St.3d 575, 577.
There is a presumption of regularity that attaches to commission proceedings. There is a presumption that the commission considered all the evidence before it. State ex rel. Lovell v. Indus. Comm. (1996),74 Ohio St.3d 250.
In the instant case, that the commission's order does not address or even mention the reports of Dr. Allen and Mr. Mosley does not violate Mitchell or Noll. There is a presumption, which relator fails to rebut, that the commission indeed considered the reports of Dr. Allen and Mr. Mosley even though the reports are not mentioned in the order. Relator's reliance on State ex rel. Fultz v. Indus. Comm. (1994), 69 Ohio St.3d 327, and State ex rel. Balvin v. Youghiogheny Ohio Coal Co. (1994),70 Ohio St.3d 163, is misplaced. Those cases do not require the commission to list or address all the evidence it considered, as relator seems to suggest.
The magistrate further notes that relator contends that the following portion of the SHO's order indicates a failure to consider the report of Mr. Mosley:
 The Staff Hearing Officer also finds that there is nothing in the nonmedical disability factors which would prevent the claimant from performing the work of which Dr. Johnson and Dr. Klein find him to be physically capable. * * *
The magistrate disagrees with relator's interpretation of the above-noted sentence from the commission's order. The above-noted sentence does not imply that Mr. Mosley's report contains no information or no opinion that might support relator's application, as relator suggests. The above-quoted sentence does not imply that the commission failed to consider the Mosley report.
Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
 KENNETH W. MACKE MAGISTRATE