DECISION
{¶ 1} Relator, Rose McConnachie, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that denied her application for permanent total disability compensation, and to enter an order granting such compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus should be denied. No objections have been filed to the magistrate's decision.
 {¶ 3} Upon a review of the magistrate's decision and an independent review of the record, this court finds there is no error of law or other defect upon the face of the magistrate's decision, in that the magistrate correctly found that there is no requirement the commission list or note all the evidence it considered. The commission is only required to list the evidence on which it relies. Therefore, this court adopts the magistrate's decision as its own and the requested writ of mandamus is denied.
Writ of mandamus denied.
KLATT and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution
 IN MANDAMUS {¶ 4} In this original action, relator, Rose McConnachie, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her permanent total disability ("PTD") compensation, and to enter an order granting said compensation.
Findings of Fact:
 {¶ 5} 1. On December 13, 1990, relator sustained an industrial injury while employed as a cashier for respondent Hills Stores Company. The industrial claim is allowed for: "Contusion right arm and shoulder; sprain low back; left knee derangement, post traumatic; degenerative arthritis left knee; synovitis left knee, grade I chondromalacia patella left knee," and is assigned claim number L65135-22.
 {¶ 6} 2. On December 18, 2001, relator filed an application for PTD compensa-tion.
 {¶ 7} 3. On January 29, 2002, relator was examined by Gordon Zellers, M.D., on behalf of the employer. Dr. Zellers opined:
 {¶ 8} "* * * [H]er claim allowances as made reference to in this December 13, 1990 industrial claim do not render her permanently and totally disabled from performing all forms of gainful employment."
 {¶ 9} 4. On March 4, 2002, relator was examined by Ronald M. Yarab, Jr., M.D., on behalf of the commission. Dr. Yarab completed a "Physical Strength Rating" form on which he opined that relator could perform "sedentary work" as defined by the commission's rules.
 {¶ 10} 5. On April 11, 2002, John Ruth, a vocational expert, authored a report on behalf of relator. Mr. Ruth opined that "Ms. Rose McConnachie will not be able to successfully seek or sustain remunerative employment now or in the future."
 {¶ 11} 6. The commission requested an employability assessment report from Steven S. Rosenthal, a vocational expert. The Rosenthal report responds to the following query:
 {¶ 12} "Based on your separate consideration of reviewed medical and psychological opinions regarding functional limitations which arise from the allowed condition(s), identify occupations which the claimant may reasonably be expected to perform, immediately and/or following appropriate academic remedation."
 {¶ 13} Indicating acceptance of Dr. Yarab's reports and responding to the above query, Rosenthal listed "employment options."
 {¶ 14} 7. Following a July 9, 2002 hearing, a staff hearing officer ("SHO") issued an order denying the PTD application. The order states that the reports of Drs. Zellers and Yarab are accepted and that relator "retains the capacity to perform sedentary work."
 {¶ 15} The order then addresses the non-medical factors. The SHO lists several findings or conclusions contained in the Rosenthal report. The SHO indicates that he agrees with Rosenthal's conclusions and accepts Rosenthal's findings. The report of Mr. Ruth is not mentioned in the order.
 {¶ 16} 8. On October 15, 2002, relator, Rose McConnachie, filed this mandamus action.
Conclusions of Law:
 {¶ 17} The sole issue presented by relator is whether the commission abused its discretion by failing to address in its order the report of relator's vocational expert, Mr. Ruth.
 {¶ 18} Finding no abuse of discretion, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 19} The commission's order indicates that it is based upon the reports of Dr. Zellers, Dr. Yarab, and Rosenthal. Those reports are discussed in the order; however, there is no mention of Mr. Ruth's report. There is no explanation as to why the commission rejected Mr. Ruth's report.
 {¶ 20} State ex rel. Mitchell v. Robbins Myers, Inc. (1983), 6 Ohio St.3d 481, and State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203, require that, in any order granting or denying benefits, the commission specifically state what evidence is relied on, and briefly explain the reasoning or basis for its decision. State ex rel. Buttolph v. Gen. Motors Corp., Terex Div. (1997), 79 Ohio St.3d 73.
 {¶ 21} There is no requirement that the commission list or note all the evidence it considered. Buttolph. Moreover, there is ordinarily no requirement that the commission explain why it found one report more persuasive than another. State ex rel. Bell v. Indus. Comm. (1995),72 Ohio St.3d 575, 577.
 {¶ 22} There is a presumption of regularity that attaches to commission proceedings. There is a presumption that the commission considered all the evidence before it. State ex rel. Lovell v. Indus. Comm. (1996), 74 Ohio St.3d 250.
 {¶ 23} In the instant case, that the commission's order does not address or even mention Mr. Ruth's report does not violate Mitchell or Noll. There is a presumption, which relator fails to rebut, that the commission indeed considered the report of Mr. Ruth even though the report is not mentioned in the order.
 {¶ 24} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.