OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from a decision of the Court of Common Pleas of Ashland County, which issued a civil protection order (CPO).
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Appellant and Appellee's marriage had been terminated with the divorce finalized on October 31, 2003.
{¶ 3} On November 4, 2003, Appellant came to Appellee's home to retrieve certain dishes of his mother. Appellant began throwing boxes in the garage in an attempt to locate such dishes.
{¶ 4} Appellee, her live-in fiancé, Brad Simpson and her adult daughter, Susan, were present at such time.
{¶ 5} Brad Simpson objected to Appellant's behavior and Appellant shoved him.
{¶ 6} Appellant then entered the residence bedroom and living room, continuing his search.
{¶ 7} Appellee asked him to leave until the next day. Appellant refused to leave and threatened to shoot something and reached for his back pocket, in which Appellee thought he had a gun.
{¶ 8} Appellee and her daughter smelled alcohol on Appellant.
{¶ 9} Appellee further testified that Appellant pulled her hair.
{¶ 10} Michael Kandel, the parties' minor son, was not home at the time of these events but Appellee, in filing the CPO requested his inclusion as a protected person, along with herself and Brad Simpson as she believed Appellant might cause them harm. She further testified, over objection, that such minor son wished to be included but that their daughter, Elizabeth, wished to be excluded.
{¶ 11} The court, after evidence, issued an order which included the following with respect to Appellee, Brad Simpson and Michael Kandel:
{¶ 12} "1. To refrain from abusing any of the protected persons;
{¶ 13} "2. To refrain from entering the residence or workplace or surrounding grounds of the protected persons;
{¶ 14} "3. To stay 300 feet away from any protected persons;
{¶ 15} "4. To refrain from contacting protected persons by any means;
{¶ 16} "5. To refrain from removing, damaging, hiding or disposing of any property or pets of protected persons;
{¶ 17} "6. To refrain from encouraging anyone from doing an act prohibited by the Order;
{¶ 18} "7. To turn over any and all deadly weapons in his possession to law enforcement;
{¶ 19} "8. To refrain from visitation with his son, Michael Braden Kandel, as it was ordered through Appellant and Appellee's divorce, in case number 03-DIV-124; and
{¶ 20} "9. To refrain from consuming, using or possessing illegal drugs or beverages containing alcohol." (Exhibit-A, pp. 3-4) The order is to last for five years, until November, 2008.
{¶ 21} It is from this order which Appellant now appeals raising three Assignments of Error.
 ASSIGNMENTS OF ERROR
{¶ 22} "I. The trial court abused its discretion in issuing a civil protection order where the petitioner-appellee failed to prove by a preponderance of the evidence that domestic violence occurred.
{¶ 23} "II. The trial court abused its discretion in issuing a civil protection order including michael braden kandel where the petitioner-appellee failed to prove by a preponderance of the evidence that Michael Braden Kandel was in danger of domestic violence.
{¶ 24} "III. The trial court abused its discretion in issuing a five-year civil protection order against appellant and in favor of his minor son, Michael Braden Kandel, without any accommodation for previously-ordered visitation."
 I.
{¶ 25} In addressing the First Assignment of Error, we find that such is not well taken.
{¶ 26} Each of the three Assignments of Error is predicated upon an abuse of discretion by the court.
{¶ 27} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case subjudice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
{¶ 28} R.C. 3113.31 provides the basis for the CPO which was issued.
{¶ 29} Under such statute, the standard of proof is a preponderance of the evidence as R.C. 3113.31(G) provides that civil rather than criminal procedure is applicable. The Ohio Supreme Court in Felton v. Felton (1997), 79 Ohio St.3d 34
stated:
{¶ 30} "When granting protection order pursuant to civil domestic violence statute, trial court must find that petitioner has shown by preponderance of evidence that petitioner or petitioner's family or household members are in danger of domestic violence; abrogating O'Hara v. Dials (Feb. 2, 1996), Erie App. No. E-95-044, 1996 WL 38810; Moman v. Smith (Oct. 14, 1996), Clermont App. No. CA96-05-047, 1996 WL 586771; Tischlerv. Vahcic (Nov. 16, 1995), Cuyahoga App. No. 68053, 1995 WL 680928; Coughlin v. Lancione (Feb. 25, 1992), Franklin App. No. 91AP-950, 1992 WL 40557. R.C. §§ 3113.31, 3113.31(D)."
{¶ 31} The record indicated Appellant had been drinking (Tr. 8-9), shoved Brad Simpson (Tr. 7), pulled Appellee's hair (Tr. 9), and threatened to shoot, while reaching for his back pocket with gestures (Tr. 8).
{¶ 32} With such evidence before the court, we find no abuse of discretion in the issuance of the CPO. Also, Brad Simpson would qualify, along with Appellee, as a protected person under R.C.3113.31 (A)(3)(a)(i).
{¶ 33} Appellant's First Assignment of Error is overruled.
 II, III.
{¶ 34} We shall next review the Second and Third Assignments jointly.
{¶ 35} The argument that the prior granting of visitation to Appellant in the divorce being a bar to the prevention thereof, in the CPO is not well taken. The purpose of the statute is one of protection and the events leading to the CPO occurred subsequent to the divorce. Also, an analogy can be drawn from other language in Felton, supra, in which the Supreme Court also stated:
{¶ 36} "Court is not precluded by statute or public policy reasons from issuing protection order pursuant to civil domestic violence statute by fact that parties' dissolution or divorce decree already prohibits them from harassing each other. R.C. §3113.31."
{¶ 37} The problem, however, with respect to the inclusion of the minor son is that no proof of any anticipated danger to him by Appellant was provided to the court.
{¶ 38} He was not home at the time. Elizabeth, the daughter, who was present, was being excluded from the requested CPO. Also, while Appellee testified as to an earlier incident between Appellant and his son (Tr.19), this apparently was not of sufficient concern to affect her agreement to visitation by Appellant.
{¶ 39} The only testimony as to Michael was by Appellee who indicated Michael wished to be included (Tr. 11). An objection was lodged to this statement but overruled.
{¶ 40} We find that the preponderance of the evidence before the court did not warrant the inclusion of the son in the CPO even though we find no error as to Appellee or Brad Simpson.
{¶ 41} We therefore sustain the Second and Third Assignments of Error and vacate the CPO as to contact by Appellant with his son, Michael, with the location thereof being other than the residence of Appellee or in her presence as that portion of the CPO remains in effect.
{¶ 42} The decision of the Ashland County Court of Common Pleas is affirmed in part and reversed in part.
Boggins, J., Gwin, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed in part and reversed in part. Costs to Appellant.