OPINION
{¶ 1} Appellant, Kathleen E. Carpeno ("Kathleen"), appeals from a judgment of the Lake County Court of Common Pleas, Domestic Relations Division, denying her motion for a civil protection order ("CPO") for three of her four minor children.
 {¶ 2} The following facts are relevant to this appeal. On March 23, 2004, Kathleen filed a petition for a CPO against appellee, Richard P. Carpeno, Sr. ("Richard"). Kathleen sought protection for the parties' four minor children, sixteen year old Elise, fourteen year old Danielle, thirteen year old Richard, and eight year old Miranda. In her petition, Kathleen alleged that three of her children had informed her that [Richard] "had sexually abused them from young ages through the ages of 12 yrs old. * * * The Painesville Police Department * * * [are] [sic] currently conducting a criminal investigation." Kathleen further alleged that Richard committed acts of sexual abuse including "* * * fondling, rubbing both his body parts and body fluids on the girls and my son witnessed these events."
 {¶ 3} The magistrate held an ex-parte hearing on the same day and issued a CPO for all four children against Richard, and scheduled the matter for a full hearing. On May 12, 2004, the magistrate conducted a full hearing on the petition. At the hearing, Kathleen presented the testimony of Elise and Danielle. Elise testified that "since the time I was three until I went into seventh grade, I was inappropriately touched by [Richard] and sexually molested."
 {¶ 4} Danielle testified that in a conversation with Kathleen on March 17, 2004, she told Kathleen that "[Richard] is not only a physical abuser but a sexual abuser." Both Danielle and Elise testified that they did not feel safe spending time with Richard.
 {¶ 5} Testimony further established that Danielle and Elise were interviewed by Painesville police detectives in March 2004, and the allegations of sexual abuse were under investigation by the Painesville Police Department at the time of the hearing.
 {¶ 6} The magistrate issued a CPO as to all four minor children effective until December 31, 2004.
 {¶ 7} On May 25, 2004, Richard filed objections to the magistrate's decision. The matter was set for hearing on June 21, 2004. On June 16, 2004, Richard filed a motion for continuance, which was granted by the court on June 17, 2004. On July 28, 2004, Richard filed additional objections to the magistrate's decision. On August 27, 2004, a hearing was held on Richard's objections to the magistrate's decision. Both parties attended the hearing and were represented by counsel. On November 5, 2004, the court entered a judgment entry adopting part of the Magistrate's decision to issue the CPO as to Elise, but overruled the recommendation to issue the CPO as to the remaining three minor children. In its judgment entry, the court found the following:
 {¶ 8} "Elise testified with specificity as to when and what actions occurred * * * [.] She further testified that she did not feel safe spending time with her father * * * [.]" As to Danielle, the court held "[Kathleen] did not meet her burden of proof by a preponderance of the evidence * * *. Further, no evidence whatsoever was presented as to the basis for the * * * CPO between [Richard] and minor children Richard and Miranda [.]"
 {¶ 9} The court held that: "[t]he Magistrate's recommendation as to the issuance of the order between [Richard] and [Danielle], [Richard], and [Miranda] * * * is hereby rejected." However, the court ordered that the CPO between Richard and Elise "shall continue through December 31, 2004." It is from that judgment entry that Kathleen filed a timely notice of appeal and presents the following assignments of error for our review:
 {¶ 10} "[1.] The decision of the trial court to deny a civil protection order to three of appellant's four children was against the weight of the evidence and amounted to an abuse of discretion.
 {¶ 11} "[2.] The trial court erred in requiring each named protected party to demonstrate an independent act of abuse when the evidence established sexual abuse toward another protected party and risk to the remaining siblings."
 {¶ 12} Kathleen's first and second assignments of error are interrelated and shall be addressed in a consolidated manner.
 {¶ 13} R.C. 3113.31 governs the proceedings on a petition for a CPO. Pursuant to R.C. 3113.31(A)(1)(c), domestic violence is defined in pertinent part, as "committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code." Pursuant to R.C. 2151.031(A), an abused child includes, in pertinent part, any child who "[i]s the victim of `sexual activity' as defined under Chapter 2907 of the Revised Code, where such activity would constitute an offense under that chapter, except that the court need not find that any person has been convicted of the offense in order to find that the child is an abused child." The decision to issue a CPO lies within the sound discretion of the trial court. Maglionico v. Maglionico, 11th Dist. No. 2000-P-0115, 2001-Ohio-8901, 4, citing Deacon v. Landers (1990),68 Ohio App. 3d 26, 31. Absent an abuse of that discretion, a reviewing court will not disturb the trial court's judgment. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore,5 Ohio St.3d 217, 219.
 {¶ 14} Initially, we agree with Kathleen that the intent of the domestic violence statute as contained in R.C. 3113.31 is to protect the victims of domestic violence and that this protection extends to siblings. "When issuing a CPO * * * the court is prompted to consider not only the petitioner but also the petitioner's family or household members." Felton v. Felton,79 Ohio St.3d, 34, at paragraph two of the syllabus. When granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence. Id.; Lamont v. Lamont, 11th Dist No 2004-G-2580, 2005-Ohio-2256, at ¶ 10. In the case sub judice, there was an on-going criminal investigation of the allegations of sexual abuse by Richard of two of the minor children, Elise and Danielle, divorce proceedings had commenced, and visitation matters were pending. Further, at the hearing the court found that Elise was a victim of domestic violence, i.e., sexual abuse. In such circumstances, when the court grants a protection order for one child of a family, it follows that any remaining children of the family would also properly fall within the ambit of the CPO. Thus, the trial court abused its discretion in issuing the CPO as to only Elise, and not including the other siblings.
 {¶ 15} Based upon the foregoing, Kathleen's first and second assignments of error have merit. Accordingly, the judgment of the trial court is reversed.
O'Neill, J., concurs, Rice, J., dissents with Dissenting Opinion.