{¶ 16} Because the majority's holding is unnecessarily broad, and because appellant has failed to demonstrate the trial court's decision was unreasonable, arbitrary, or unconscionable, I respectfully dissent.
 {¶ 17} The trial court found appellant had failed to meet her burden of proof for the issuance of a civil protection order ("CPO") for three of the four minor children. We review the trial court's decision only for an abuse of discretion.
 {¶ 18} The majority, citing Felton v. Felton,79 Ohio St.3d 34, 1997-Ohio-34, contends the trial court should have applied the evidence of sexual abuse perpetrated against Elise to find the other children were at risk of domestic violence. However, the language from Felton cited and quoted by the majority does not support this conclusion. The issue in Felton was whether the petitioner had to prove entitlement to a CPO by a preponderance of the evidence or some higher standard. Likewise,Lamont v. Lamont, 11th Dist. No. 2004-G-2580, 2005-Ohio-2256, cites Felton only to establish the burden of proof. The majority cites no support for its conclusion that "when the court grants a protection order for one child of a family, it follows that any remaining children of the family would also properly fall within the ambit of the CPO."
 {¶ 19} In Kandel v. Kandel, 5th Dist. No. 04-COA-014,2004-Ohio-4548, the trial court included a minor son in a CPO. The court of appeals held the preponderance of the evidence did not support the inclusion of the son in the CPO because: the son was not home at the time of the alleged incident which gave rise to the petition for the CPO; the only evidence the son wished to be included in the CPO was the testimony of the petitioner-mother; and another sibling was not included in the CPO. Id. at ¶ 37-40. Thus, the preponderance of the evidence did not support the inclusion of the minor son in the CPO. Id. at ¶ 40.
 {¶ 20} In the instant case, appellant has failed to show the trial court abused its discretion excluding the three children from the CPO as appellant failed to present evidence to support any anticipated danger to those children. For these reasons, I would affirm the trial court's judgment.