[Cite as *Albers v. Albers*, 2012-Ohio-3838.]

### IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

| | | |
|---|---|---|
| CYNTHIA K. ALBERS | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 11CA0060 |
| vs. | : | T.C. CASE NO. 11DV0155 |
| HENRY W. ALBERS | : | (Civil Appeal from Domestic Relations Court) |
| Defendant-Appellant | : | |

. . . . . . . .

### O P I N I O N

Rendered on the 24th day of August, 2012.

. . . . . . . .

Elizabeth J. Henley, Atty. Reg. No. 0034207, Talbott Tower, Suite 1205, 131 N. Ludlow Street, Dayton, OH 45402
     Attorney for Plaintiff-Appellee

Thomas M. Kollin, Atty. Reg. No. 0066964, 2661 Commons Blvd., Suite 214, Beavercreek, OH 45431
     Attorney for Defendant-Appellant

. . . . . . . .

GRADY, P.J.:

{¶ 1}  Henry W. Albers appeals from an order granting a civil protection order to his wife, Cynthia K. Albers, and their three children.

{¶ 2}  In early August of 2011, while the parties were in the middle of divorce proceedings, Cynthia[1] filed a petition seeking an ex parte domestic violence civil protection

---

[1]  For purposes of clarity and convenience, the parties will be referred to by their first names.

order against Henry on her behalf and on the behalf of her three daughters, ages 17, 15, and 11. In the petition, Cynthia stated that Henry had pled guilty to committing three sexual molestation felonies against their oldest daughter. Cynthia said that she and all three of her daughters were anxious and fearful of Henry. In an affidavit filed with the petition, Cynthia stated that Henry had been charged with committing two counts of sexual battery and one count of gross sexual imposition against their oldest daughter.

{¶ 3} Cynthia's request for an ex parte civil protection order was heard by a magistrate on August 10, 2011. The magistrate filed a written decision denying the request on that same date, finding that Cynthia failed to present sufficient evidence that she is in immediate and present danger necessitating the issuance of an ex parte order. The magistrate also set the matter for a full hearing before the court on August 29, 2011. [Dkt. 5]. The full hearing was held before a judge of the domestic relations court on September 22, 2011.

{¶ 4} Cynthia was the only witness to testify at the full hearing. She testified that she wanted Henry to be prevented from contacting the three children based on the fact that Henry had sexually molested their oldest daughter. Cynthia had no direct knowledge of the facts of that offense, but she did affirm that her husband had pled guilty to and been sentenced regarding the sexual molestation of their eldest daughter. (Tr. 7). Cynthia was not aware of any contact that Henry had with the three children since he was charged with molesting their oldest daughter. His criminal bond apparently had a "no contact" requirement.

{¶ 5} On September 27, 2011, the trial court granted Cynthia's petition for a civil protection order. The order protected Cynthia and her three children for a period of five years. Henry was ordered, among other things, to neither abuse nor have any contact with the

persons protected under the order.

{¶ 6}   Henry filed a timely notice of appeal from the September 27, 2011 order, raising the following two assignments of error:

{¶ 7}   First Assignment of Error:

{¶ 8}   "THE TRIAL COURT ERRED IN GRANTING APPELLEE A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER UPON A FINDING THAT APPELLEE IS IN DANGER OF OR HAS BEEN A VICTIM OF DOMESTIC VIOLENCE AS DEFINED IN O.R.C. § 3113.31(A) COMMITTED BY APPELLANT."

{¶ 9}   Second Assignment of Error:

{¶ 10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AS TO THE SCOPE OF THE APPELLEE'S DOMESTIC VIOLENCE CIVIL PROTECTION ORDER."

{¶ 11}   The decision whether to grant a protection order is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Parrish v. Parrish*, 95 Ohio St.3d 1201, 765 N.E.2d 359 (2002).  In *AAAA Enterprises, Inc v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), the Supreme Court held:

>"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable.  *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252.  It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or

arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

{¶ 12} Before granting a civil protection order, "the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." *Felton v. Felton*, 79 Ohio St.3d 34, 679 N.E.2d 672 (1997), paragraph two of syllabus.

{¶ 13} "Domestic violence" is defined in R.C. 3113.31(A), which provides, in part:

(1) "Domestic violence" means the occurrence of one or more of the following acts against a family or household member:

(a) Attempting to cause or recklessly causing bodily injury;

(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;

(c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code;

(d) Committing a sexually oriented offense.

{¶ 14} Henry argues that the trial court abused its discretion in granting a civil

protection order to the parties' children because there was no "credible evidence to demonstrate that [Henry] committed any of the conduct proscribed in R.C. 3113.31 with respect to the parties' minor children." (Brief, p. 6.) According to Henry, the oldest child did not testify at the full hearing, so there was no evidence to support a finding of domestic violence with respect to any of the parties' children. We do not agree.

{¶ 15} The fact that Henry had pled guilty to and been convicted of and sentenced for committing a sexually oriented offense involving the parties' eldest daughter was not in dispute at the hearing on Cynthia's petition. Cynthia affirmed the truth of that matter in her testimony at the full hearing. (Tr. 7). She also testified at the hearing before the magistrate that Henry had pled guilty to the offense. (Tr. 3). That is evidence on which the court could rely to find that Henry had committed a sexually oriented offense against a family member in violation of R.C. 3113.31(A)(1)(d).

{¶ 16} Henry argues that the trial court abused its discretion by including the parties' two youngest children as protected persons under the civil protection order. According to Henry, although there may have been evidence supporting a finding of domestic violence against the parties' oldest child, there was no evidence presented or suggestion made at the full hearing that Henry had ever committed domestic violence against the parties' two younger children, or that the two younger children feared that such domestic violence was imminent.

{¶ 17} In *Carpeno v. Carpeno*, 11th Dist. Lake No. 2004-L-202, 2005-Ohio-7046, a mother of four children sought a civil protection order against her husband on behalf of herself and their four children. Three of the four children had been sexually abused by the husband. The trial court granted a civil protection order to one of the three children who

were abused, but not to the remaining three children. The 11th District reversed the decision of the trial court and found that all four children should have been included in the protection order. The court wrote, at ¶ 15:

> [T]here was an on-going criminal investigation of the allegations of sexual abuse by Richard of two of the minor children, (E. and D.), divorce proceedings had commenced, and visitation matters were pending. Further, at the hearing the court found that (E.) was a victim of domestic violence, i.e., sexual abuse. In such circumstances, when the court grants a protection order for one child of a family, it follows that any remaining children of the family would also properly fall within the ambit of the CPO. Thus, the trial court abused its discretion in issuing the CPO as to only (E.), and not including the other siblings.

{¶ 18} The domestic violence section, R.C. 3113.31(A), prohibits specified criminal conduct "against a family or household member." The test for a violation of R.C. 3119.31(A) is thus retrospective, and a violation is predicated on conduct involving a single victim.

{¶ 19} The statute authorizing issuance of a civil protection order is more expansive. It requires a finding that the "petitioner or petitioner's family or household members are in danger of domestic violence." The test is prospective, and contemplates the potential of conduct involving more than one victim.

{¶ 20} The majority of sexual offenses against children involve members of the offender's immediate or extended family who live in the same household. The minor is then more vulnerable to the perpetrator's misconduct. And, the perpetrator has an ease of access

to the victim because of the proximity a household involves.

{¶ 21} In the present case, Henry committed domestic violence against his oldest child. Based on a review of the record before us, and on the authority of *Carpeno*, we find that the trial court did not abuse its discretion by granting a civil protection order that protected all three of the parties' children.

{¶ 22} Nevertheless, we agree with Appellant that the trial court abused its discretion when it included Cynthia Albers within the coverage of the CPO. In order to obtain a CPO, a petitioner must show by a preponderance of the evidence that persons to be covered by the order are in danger of domestic violence. *Felton*

{¶ 23} The Petition For Domestic Violence CPO that Cynthia filed sought relief on behalf of her three daughters, not herself. At the September 22, 2011 full hearing on her petition, Cynthia limited her request to a CPO protecting her three daughters. (Tr. 4). Previously, at the August 10, 2011 hearing before the magistrate on Cynthia's request for an ex parte CPO, Cynthia testified that she and her daughters "felt unsafe" in the marital residence, which is for sale, for fear that Henry would come there, (Tr. 4), are "afraid to go over there" and are "worried for our safety" because of Henry's criminal case. (Tr. 5).

{¶ 24} Cynthia expressed a concern for her own safety, but otherwise offered no basis to conclude that she is in danger of domestic violence. Therefore, she failed to show that proposition by a preponderance of the evidence. The trial court abused its discretion in issuing a civil protection order covering Cynthia.

{¶ 25} The assignments of error are overruled to the extent they concern including the parties' three daughters within the coverage of the CPO. The assignments of error are

sustained to the extent that they concern including Cynthia Albers within the coverage of the CPO. The CPO will be modified to include only the parties' three daughters within its coverage. As modified, the CPO will be affirmed.


CUNNINGHAM, J., concurs.

(Hon. Penelope R. Cunningham, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

FAIN, J., concurring in part and dissenting in part:

I agree that there is evidence in the record to support the trial court's finding that the oldest child of defendant-appellant Henry W. Albers is in danger of domestic violence. Therefore, I would affirm the civil protection order as it relates to that child.

In my view, there is insufficient evidence in the record to support a finding that the younger two children are in danger of domestic violence. I find Judge Rice's dissenting opinion in *Carpeno v. Carpeno*, 11th Dist. Lake No. 2004-L-202, 2005-Ohio-7046, to be more persuasive than the majority opinion. I realize that, as applied to Judge Rice's dissenting opinion, the facts in this case are distinguishable from the facts in *Carpeno.* Judge Rice found that the trial court in that case had not abused its discretion by failing to include other children within the scope of the civil protection order, whereas in the case before us, we would have to find that the trial court abused its discretion by including the younger two children within the scope of the civil protection order.

The case before us is comparable to *Kandel v. Kandel*, 5th Dist. Ashland No. 04-COA-014, 2004-Ohio-4548. In that case, the only testimony as to one child was by the appellee-mother, who indicated that that child "wished to be included." *Id.*, ¶ 39. That

evidence was held to be insufficient to prove, by a preponderance of the evidence, that that child was in danger of domestic violence, even though the evidence was sufficient to establish that the appellee-mother and her fiancé were in danger of domestic violence. *Id., ¶* 40. In the case before us, there is no evidence that the two younger children are in danger of domestic violence. There is also no evidence that plaintiff-appellee Cynthia K. Albers is in danger of domestic violence.

I would reverse that part of the civil protection order that includes within its scope the two younger children and Cynthia Albers.

Copies mailed to:

Elizabeth J. Henley, Esq.
Thomas M. Kollin, Esq.
Hon. Steven L. Hurley