**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 250.]**

THE STATE EX REL. LOVELL, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE.

[Cite as *State ex rel. Lovell v. Indus. Comm.*, 1996-Ohio-321.]

*Workers' compensation—Application for additional compensation based on violation of specific safety requirement—Industrial Commission's denial of application not an abuse of discretion when claimant fails to establish that the lack of a prescribed safety device proximately caused his injury.*

(No. 94-864—Submitted October 24, 1995—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD02-236.

_____

{¶ 1} Appellant-claimant, Charles R. Lovell, was injured in the course of and arising from his employment with Acme Furniture. The injury occurred when his hand was drawn into his employer's circular power saw. In a deposition, claimant described the accident:

"I was guiding the wood through the saw, and you had to cut around the diagrams, and it must have hit a knot or something and jerked my hand right into the saw."

{¶ 2} The saw was a Sears Craftsman saw. The saw came equipped with a blade guard, spreader and anti-kickback pawls. The parties agree that on the date of injury, the blade guard was in place, but the anti-kickback pawls were missing.

{¶ 3} After claimant's workers compensation claim was allowed, he filed for additional compensation, alleging that his employer violated several specific safety requirements ("VSSRs"). Appellee, Industrial Commission of Ohio, conducted a full hearing attended by counsel for both claimant and the employer. Claimant was not present. The commission denied the application, writing:

"[C]laimant has cited no specific safety requirement which was violated when the claimant sustained the injury of record.

"The finding and order are based upon the report of Polly S. Petry, Special Investigator for the Industrial Commission, evidence in file and the evidence adduced at hearing.

"Specifically, it is found that the table saw in question was purchased in approximately 1982. No violation of the sections cited under [Ohio Adm. Code] 4121:1-5-07 or 4121:1-5-09 is found, as these sections do not apply to the type of saw at issue. As to [Ohio Adm. Code] 4121:1-5-08, only [Ohio Adm. Code] 4121:1-5-08 (D)(1)(a through d) possibly apply. It is found that the table saw in question was equipped with an adequate hood-type guard, and it has not been established that any alleged violations of (b), (c) or (d) were causally related to the injury in this claim. It is further found that claimant did not submit an affidavit to support his position, nor did he appear at this hearing."

**{¶ 4}** Rehearing was also denied:

"The Claimant has not submitted any new and relevant evidence nor has the Claimant shown that the order of October 17, 1991, was based on an obvious mistake of fact.

"It is noted that rule [Ohio Adm. Code] 4121-3-20 (G)(1)(a) requires that the rehearing motion be accompanied by new and additional proof not previously considered and relevant to the VSSR.

"In this case, the claimant did not submit any new proof not previously considered 'with' his motion, therefore, a rehearing is not justified in this case. The claimant's statement that he was not at the hearing and will present testimony if a rehearing is granted is not sufficient to grant a rehearing as the claimant must present some type of new proof 'attached' to the rehearing motion itself before a rehearing could be granted."

**{¶ 5}** Claimant filed a complaint for a writ of mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his application. The appellate court disagreed and denied the writ. This cause is now before this court upon an appeal as of right.

————————————

*Stewart Jaffy & Associates Co., L.P.A.*, *Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Jetta Mencer*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

**{¶ 6}** We are asked to determine whether the commission abused its discretion in denying both claimant's VSSR and rehearing applications. For the reasons to follow, we find that it did not.

**{¶ 7}** Of the several violations initially alleged, claimant now pursues only one--Ohio Adm. Code 4121:1-5-08 (D)(1)(b). That section reads:

"The hood type guard shall be so designed as to prevent a kickback or a separate attachment that will prevent a kickback shall be provided. Anti-kickback devices shall be effective for all thicknesses of material that are cut."

**{¶ 8}** The parties agree the saw had no anti-kickback device. The absence of a prescribed safety device, however, standing alone, is not enough to sustain a VSSR violation. The claimant must also show that the lack of the device proximately caused the injury. *State ex rel. Bayless v. Indus. Comm.* (1990), 50 Ohio St. 3d 148, 552 N. E. 2d 939. Applied here, claimant must establish that the lack of an anti-kickback device caused his injury.

**{¶ 9}** The commission properly found that claimant did not carry his burden. The saw's operating manual referred to kickback prevention and defined "kickback" as follows:

"A 'KICKBACK' occurs during a rip-type operation when a part or all of the workpiece is thrown back violently toward the operator."

{¶ 10} Claimant's own testimony established that he was injured when his hand was "jerked *** into the saw." He was not injured by wood that was "thrown back violently toward the operator," the hazard against which the anti-kickback mechanism was designed to protect. Because specific safety requirements must be strictly construed in the employer's favor (*State ex rel. Burton v. Indus. Comm.* [1989], 46 Ohio St. 3d 170, 545 N.E. 2d 1216), the commission's VSSR denial, in this case, is not an abuse of discretion.

{¶ 11} Claimant accuses the commission of not considering his deposition testimony. He apparently bases this allegation on the following statement:

"The finding and order are based upon the report of Polly S. Petry, Special Investigator for the Industrial Commission, evidence in file and the evidence adduced at hearing."

{¶ 12} Because the deposition was not included in that list, claimant argues that pursuant to *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St. 3d 327, 631 N.E. 2d 1057, we must assume that the deposition was overlooked. This is incorrect.

{¶ 13} *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, 6 OBR 531, 453 N. E. 2d 721, directed the commission to cite in its orders the evidence on which it *relied* to reach its decision. Reiterating the concept of reliance, *State ex rel. DeMint v. Indus. Comm.* (1990), 49 Ohio St. 3d 19, 20, 550 N.E. 2d 174, 176, held:

"*Mitchell* mandates citation of only that evidence relied on. It does not require enumeration of all evidence considered." (Emphasis original.)

{¶ 14} Therefore, because the commission does not have to list the evidence considered, the presumption of regularity that attaches to commission proceedings (*State ex rel. Brady v. Indus. Comm.* [1990], 28 Ohio St. 3d 241, 28 OBR 322, 503

N.E. 2d 173) gives rise to a second presumption--that the commission indeed considered all the evidence before it. That presumption, however, is not irrebuttable as *Fultz* demonstrates.

{¶ 15} In that case, this court was confronted with an evidentiary situation that is unique to permanent total disability compensation orders--the commission's practice of enumerating both the evidence relied on *and* the evidence considered. The order noted in part:

"The reports of Drs. Mueller, Amendt, Farrell and Holbrook were reviewed and evaluated. This order is based particularly upon the reports of Drs. Amendt, Farrell & Holbrook, the evidence in the file and the evidence adduced at the hearing."

{¶ 16} Missing from the "considered list" were two vocational reports, both of which regarded claimant's chances of returning to work as doubtful. Finding an abuse of discretion, we wrote:

"Neither the commission's rehabilitation report nor Riccio's vocational report is listed in the commission's order as being among the evidence the commission considered. While the commission correctly contends in essence that it need only enumerate the evidence relied on, the fact that the commission in listing the evidence considered omitted those two reports from that list, leads to only one conclusion--the commission either inadvertently or intentionally ignored that evidence. Because these reports could be the key to the success or failure of claimant's application, the cause must be returned to the commission for further consideration." *Fultz*, *supra*, 69 Ohio St.3d at 329, 631 N.E. 2d at 1059.

{¶ 17} The present case and *Fultz* are distinguishable. Unlike *Fultz*, the present order did not unnecessarily enumerate the evidence considered. It listed *only* the evidence on which the order was based. Therefore, the presumption of regularity controls and consideration of claimant's deposition must be presumed.

**{¶ 18}** Claimant lastly contends that the commission improperly denied reconsideration. This contention, too, fails. Ohio Adm. Code 4121-3-20 (G)(1)(a) and (b) permit rehearing upon a showing of (1) "new and additional proof not previously considered and relevant to the specific safety requirement violation" or (2) "exceptional cases *** [involving] an obvious mistake of fact." Claimant's willingness to testify in person--as opposed to deposition testimony offered at the first hearing--if rehearing were to be granted does not constitute "new and additional proof." Nor was there an obvious mistake of fact involved here.

**{¶ 19}** Claimant argues that his failure to appear was due to his failure to receive notice of the hearing. Claimant, however, ignores that his counsel received notice and was present at the hearing. This negates almost any suggestion that claimant was unaware of the hearing. Accordingly, the commission did not abuse its discretion in denying reconsideration.

**{¶ 20}** We hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

RESNICK, J., dissents.

_____