DECISION
{¶ 1} Relator, Brenda Scaggs, commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying compensation for permanent total disability ("PTD") and to issue an order granting said compensation.
 {¶ 2} Pursuant to Civ.R. 53, and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In that decision, the magistrate determined that, contrary to relator's assertions, the commission did consider all of relator's allowed conditions, including relator's shoulder condition. Moreover, the magistrate found that, although Dr. Timothy Fallon's report refers to a non-allowed condition, he explicitly based his opinion regarding injury-related impairment solely on the allowed conditions.
 {¶ 3} The magistrate further determined that the commission has no duty to identify all of the evidence it considered. Unless the commission provides a list of all evidence considered, there is a presumption that it considered all evidence before it.
 {¶ 4} Lastly, the magistrate found that, although the commission may adopt the opinion of a vocational consultant if it chooses, the commission itself is a vocational evaluator with considerable expertise, and it may form its own independent opinion without regard to the opinions of vocational experts.
 {¶ 5} Relator filed objections to the magistrate's decision, arguing: (1) the medical report relied on by the commission did not consider all of the allowed conditions; and (2) the magistrate erroneously concluded that the commission is entitled to a presumption that it considered the report of the vocational expert. Neither objection is valid.
 {¶ 6} With respect to the first objection, relator essentially reargues the points addressed by the magistrate. For the reasons set forth in the magistrate's decision, this objection is unpersuasive.
 {¶ 7} In her second objection, relator cites State ex rel. Ramsey v. Indus. Comm. (Mar. 30, 2000), Franklin App. No. 99AP-733; and State ex rel. Burns v. Indus. Comm., Franklin App. No. 01AP-1036, 2002-Ohio-2804, in arguing that, where reports in the file could be determinative, the commission's order granting or denying permanent total disability compensation must reflect a review of those reports. However, relator's argument is valid only when the commission provides a list of all evidence considered, and then omits reference to a report that could have been determinative of the issue. In State ex rel. Lovell v. Indus. Comm. (1996), 74 Ohio St.3d 250, 252-253, the Supreme Court of Ohio held that the commission has no obligation to identify all of the evidence considered, and when the commission does not provide such a list, there is a presumption that the commission considered all of the evidence before it. That presumption is applicable here, because, as noted by the magistrate, the commission did not list all of the evidence considered. Therefore, the rationale discussed in Ramsey and Burns does not apply. Nor did relator present any evidence to rebut the presumption that the commission considered all of the relevant evidence, including the Kilcher report.
 {¶ 8} Futhermore, because the commission is a vocational evaluator with considerable expertise, it may form its own independent opinion without regard to the opinions of vocational experts, e.g., State ex rel. Jackson v. Indus. Comm. (1997), 79 Ohio St.3d 261. Therefore, the commission did not need to address the report of Mr. Kilcher in reaching its decision.
 {¶ 9} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; Writ of mandamus denied.
TYACK and BROWN, JJ., concur.
 IN MANDAMUS {¶ 10} Relator, Brenda Scaggs, filed this original action in mandamus asking the court to issue a writ compelling respondent Industrial Commission of Ohio to vacate its order denying compensation for permanent total disability ("PTD") and to issue an order that grants the requested compensation.
Findings of Fact:
 {¶ 11} 1. In April 1996, Brenda Scaggs sustained a work-related injury to her back and right shoulder. Her workers' compensation claim was initially allowed for lumbosacral sprain and left acromioclavicular sprain. In August 2000, the claim was allowed for aggravation of pre-existing degenerative disc disease, facet arthritis, and sciatica at L4-S1.
 {¶ 12} 2. In May 2001, claimant applied for PTD compensation.
 {¶ 13} 3. In July 2001, claimant was examined on behalf of the commission by Timothy Fallon, M.D. In his report, Dr. Fallon listed the allowed conditions accurately. Regarding claimant's shoulder, he reported claimant's statement that, after the injury in April 1996, she went to a chiropractor for treatment. Claimant told Dr. Fallon that she was "having problems with her left shoulder * * * and the chiropractor treated that, and she has not had any subsequent problems and has no symptomatology at this time." Dr. Fallon then stated: "Range of motion of the left and right shoulder areas are carried out and found to be normal and equal and no deformity." In his conclusion, Dr. Fallon stated that, with respect to the acromioclavicular joint, there was no impairment.
 {¶ 14} Dr. Fallon also described his examination and findings regarding claimant's back conditions, and he set forth restrictions on claimant's functional capacity. He also estimated a percentage of impairment for lumbosacral sprain, aggravation of pre-existing degenerative disc disease, facet arthritis and sciatica.
 {¶ 15} 4. In January 2002, the commission denied the PTD application. In regard to claimant's medical factors, the commission relied on Dr. Fallon's report.
Conclusions of Law:
 {¶ 16} In this action in mandamus, claimant argues that the commission abused its discretion in denying PTD, based on two specific abuses of discretion: that the commission failed to consider all of claimant's allowed conditions, and that it failed to consider the vocational report of John Kilcher. For the reasons discussed below, the magistrate finds no abuse of discretion.
 {¶ 17} Claimant argues that the commission failed to consider all the allowed conditions because it relied solely on the report of Dr. Fallon, who failed to consider all the allowed conditions. In her brief, claimant contends that Dr. Fallon "completely failed to examine Ms. Scaggs' left shoulder condition at all" and that there is an "utter lack of reference to Ms. Scaggs' shoulder condition." Claimant also faults the examination of claimant's back.
 {¶ 18} First, it is obvious that claimant overlooked the portion of Dr. Fallon's report in which he discussed the allowed shoulder condition and set forth his clinical findings. Second, with respect to his examination regarding the other allowed conditions, Dr. Fallon set forth findings regarding claimant's capacity for heel walking and raising up on her toes, the muscular condition of the legs, claimant's reflexes, gait, and ability to perform straight-leg raising. He also discussed claimant's ability to bend forward. All of these observations were relevant to the allowed back conditions. The magistrate acknowledges that further observations could have been made about the back, but the content of the report is not so skimpy that the court must remove it from evidentiary consideration as a matter of law.
 {¶ 19} Second, the magistrate agrees that Dr. Fallon commented on a nonallowed condition of the knees. He described claimant as favoring the right knee when walking, unable to fully extend it. He also described bony deformities of the knees, bilateral crepitation, and made other observations about the knees. However, when he stated his opinion regarding injury-related impairment, he explicitly based it solely on the allowed conditions.
 {¶ 20} The Ohio Supreme Court has held that a physician's report is not rendered defective merely because he mentions the presence of nonallowed conditions. State ex rel. Quarto Mining Co. v. Foreman (1997), 79 Ohio St.3d 78; State ex rel. Consolidation Coal Co. v. Indus. Comm. (1997), 78 Ohio St.3d 176. The court made clear that a medical report constitutes "some evidence" on which the commission may rely as long as the ultimate opinion on the issue of injury-related impairment is based solely on the allowed conditions without regard to nonallowed conditions. Here, Dr. Fallon identified the allowed conditions and set forth an estimate of impairment based on the allowed conditions. He did not assess any impairment for the knee conditions. The magistrate concludes that the commentary on nonallowed conditions did not render the report defective as a matter of law. Moreover, in this case, even if Dr. Fallon had included the knee impairment in his assessment of claimant's extent of impairment, that could only have helped her PTD claim and given her an extra advantage.
 {¶ 21} Third, claimant contends that the commission abused its discretion in failing to consider the vocational report of Mr. Kilcher. However, the commission has no duty to identify the evidence it rejected: it is required to identify only the evidence on which it relied. State ex rel. Bell v. Indus. Comm. (1995), 72 Ohio St.3d 575; State ex rel. DeMint v. Indus. Comm. (1990), 49 Ohio St.3d 19; State ex rel. Mitchell v. Robbins Myers, Inc. (1983), 6 Ohio St.3d 481.
 {¶ 22} The magistrate acknowledges that, when the commission provides a list of all evidence considered and omits reference to a report that could have been the key to the granting/denial of compensation, the court must return the matter to the commission for an amended order. State ex rel. Fultz v. Indus. Comm. (1994), 69 Ohio St.3d 327. However, in State ex rel. Lovell v. Indus. Comm. (1996), 74 Ohio St.3d 250,252-253, the court clarified that the commission has no obligation to identify all the evidence it considered, and the court further stated that, when the commission does not provide such a list, there is a presumption that the commission considered all the evidence before it. Id. at 252.
 {¶ 23} In the order here, as in Lovell, the commission did not list all the evidence considered, and, therefore, the Fultz rationale does not apply. Claimant provides no evidence to rebut the presumption that the commission considered all the relevant evidence, including the Kilcher report.
 {¶ 24} Moreover, the commission may accept or reject any vocational report, even the opinion of its own consultant. State ex rel. Ellis v. McGraw Edison Co. (1993), 66 Ohio St.3d 92; State ex rel. Ewart v. Indus. Comm. (1996), 76 Ohio St.3d 139. Although the commission may adopt the opinion of a vocational consultant if it chooses, the commission itself is a vocational evaluator with considerable expertise, and it may form its own independent opinion without regard to the opinions of vocational experts. E.g., State ex rel. Jackson v. Indus. Comm. (1997), 79 Ohio St.3d 266; Ewart, supra. Therefore, the magistrate finds no abuse of discretion in the fact that the order contains no reference to the vocational report of Mr. Kilcher.
 {¶ 25} For the foregoing reasons, the magistrate finds no abuse of discretion and recommends that the court deny the requested writ of mandamus.